NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| ANDREW GROSS, III, | ) |
| Plaintiff, | ) CIVIL ACTION No. 10-CV-150-KSF |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| EXPERIAN, *et al.*, | ) **AND ORDER** |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Andrew Gross, III, confined in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed this *pro se* civil rights Petition for Writ of Mandamus under 28 U.S.C. § 1361. He has named two credit reporting agencies, Experian and Trans Union, as defendants. Because Gross does not allege that he is under imminent danger of serious physical injury under 28 U.S.C. § 1915(g), the Court will deny his motion to proceed *in forma pauperis* and require him to pay the $350.00 filing fee, in full, within twenty days of the date of entry of this Order.

**CLAIMS ASSERTED**

Gross alleges that the Defendants violated the "FCRA," which the Court assumes is the Fair Claims Reporting Act, Title 15 U.S.C. § 1681 *et seq*. Gross complains that Experian failed to ensure the accuracy of certain debt information in his credit report. He alleges that Trans Union failed not only to provide him with a free annual credit report, but also to notify him of updates in his credit report. Gross seeks mandamus relief, *i.e.*, an order requiring the defendants

to address and correct alleged irregularities in his credit report, and to provide him with a free credit report. He also demands $1,000,000.00 in punitive damages.

## DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits prisoners from proceeding *in forma pauperis* when they abuse their pauper status by filing meritless successive lawsuits. That statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Public Electronic Access to Public Records ("PACER") database website compiles information concerning civil actions filed in all federal courts. According to PACER, at least four of Gross' prior civil rights actions have been dismissed for failure to state a claim. *See Gross v. United States*, 2:02-CV-74123-GRE (E. D. Mich.) (dismissed for failure to state a claim, March 25, 2004 [R. 64]); *Gross v. Keeler*, 2:02-CV-74850-BAF (E.D. Mich.) (dismissed as frivolous, January 7, 2003 [R. 3]); *Gross v. Gonzales*, 2:06-CV-12820-PJD (dismissed for failure to state a claim, August 10, 2006 [R. 5]); and *Gross v. Evans*, 2:06-CV-13065-LPZ (dismissed for failure to state a claim, August 22, 2006 [R. 3]).

In the instant proceeding, Gross does not allege that he is in imminent danger of serious physical injury. He alleges only that two credit reporting companies have inaccurately reported his credit status and/or have refused to provide him with a free credit report. As Gross has

2

accumulated four "strikes" within the meaning of § 1915(g), but does not allege that he is under imminent danger of serious physical injury, the Court will deny his motion to proceed *in forma pauperis*. He must remit the $350.00 filing fee within twenty days of the date of entry of this order, or risk dismissal of this action for failure to prosecute.

Further, Gross will not be relieved of the filing fee obligation even if this action is summarily dismissed for non-payment of the filing fee. *In re Alea*, 286 F.3d 378 (6th Cir. 2002). In *Alea*, the Sixth Circuit held that dismissal of an action under § 1915(g) for failure to pay the filing fee does not negate or nullify the prisoner's continuing obligation to pay the fee in full. *Id*. at 381.[1] The Court explained that "not requiring the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints - thus taking much valuable time away from other non-frivolous litigation - without any consequence beyond their mere dismissal under § 1915(g)." *Id*. at 382.

The Sixth Circuit further explained that "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair." *Alea*, 286 F.3d at 381; *see also Perryman v. Graves*, 3:10-mc-00109, 2010 WL 4237921, at *4 (M. D. Tenn., October 20, 2010) (warning prisoner that full filing fee would be assessed even if action is dismissed under §1915(g)); *Bostic v. Blum*, 3:10mc00034, 2010 WL 1424975 at *2 (M. D. Tenn., April 8, 2010) (same). Thus, if Gross fails

---

[1] The court clarified that § 1915(g) does not bar the *filing* of an action, only its continuation on the district court docket if the filing fee is not paid. *Id*. at 381 (emphasis in original). The court noted that filing occurs when the complaint is delivered to the district court clerk, and that the obligation to pay the filing fee arises at that time. *Id*. (citing *New Boston Devel. Co. v. Toler*, 999 F.2d 140, 142 (6th Cir.1993)).

3

to pay the filing fee and this case is dismissed for want of prosecution, he will not be relieved of the obligation to pay the filing fee, which will be assessed against him.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Gross' motion to proceed *in forma pauperis* [R. 3], is **OVERRULED** and **DENIED**.

(2) If Gross intends to proceed further in this action, he must pay the $350.00 filing fee to the Clerk of this Court within twenty (20) days from the date of entry of this Order.

(3) If Gross fails to pay the full $350.00 filing fee within the specified time above, the Court will dismiss the case for failure to prosecute, but will enter a separate Order: (a) assessing Gross with the entire $350.00 filing fee and (b) directing Gross' custodian to remit payment from his inmate account. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

(4) This case will not be reinstated even if Gross subsequently pays the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

(5) The Court may bar future civil filings by Gross unless they are accompanied by the full amount of the filing fee.

(6) Upon either the payment of the $350.00 filing fee or the expiration of the twenty-day period, the Clerk of the Court is directed to submit the record.

This December 14, 2010.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**