UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| ANDREW GROSS, III, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-CV-150-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| EXPERIAN, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Andrew Gross, III,[1] has filed a *pro se* "'Motion to Alter or Amend Judgment Pursuant' to Fed. R. Civ. P. 59(e)." [R. 25]. For the reasons set forth below, this motion will be DENIED.

**I**

On November 29, 2010, Gross filed this civil rights action, which he labeled as a petition for writ of habeas corpus under 28 U.S.C. § 1361. [R. 1]. Gross did not allege that in that filing that he faced imminent danger of serious physical injury. On December 14, 2010, the Court entered an Order, concluding that because Gross had accumulated three "strikes" under 28 U.S.C. § 1915(g) for filing frivolous prisoner lawsuits, and because he did not allege imminent danger of serious physical injury, he was required to pay the entire $350.00 filing fee if he wished to proceed with his mandamus claims. [*See*

---

[1] Gross is currently confined in the Federal Correctional Institution ("FCI")-Terre Haute located in Terre Haute, Indiana.

Order, R. 5]. On January 14, 2011, the Court dismissed Gross's complaint for failure to pay the filing fee, and at the same time, assessed Gross with the entire $350.00 filing fee, pursuant to *In re Alea*, 286 F.3d 378 (6th Cir. 2002). [*See* Order, R. 8]. On February 14, 2013, Gross filed a motion objecting to the assessment of the $350.00 filing fee [R. 15], but on February 15, 2013, the Court denied Gross's motion/objection. [*See* Order, R. 16].

In early October 2013, Gross continued his objections to the assessment of the $350.00 filing fee by filing a motion asking the Court to stop the deductions from his inmate account. [R. 19]. In its order entered on October 11, 2013, the Court denied that motion, explaining that it had properly assessed the entire filing fee under § 1915(g), and that as of October 8, 2013, Gross owed $143.51 toward that filing fee. [R. 20]. The Court also instructed the Clerk of the Court to provide Gross with a copy of his payment history information, [*see id*., p. 3 at ¶ 2], and the Clerk of the Court provided that payment history information to Gross. [*See* Docket Entries to R. 20; R. 22 (copy of Oct. 11, 2013, Order re-mailed to Gross at FCI-Terre Haute)].

Gross appealed, but the Sixth Circuit Court of Appeals denied him pauper status on appeal and assessed the full $455 appellate filing fee, stating;

> The motion [seeking pauper status on appeal] is unavailing because he [Gross] has filed at least three prior cases that were dismissed because they were frivolous, malicious, or failed to state a cognizable claim. See 28 U.S.C. § 1915(g). *See*, *e.g.*, *Gross v. Evans*, No. 06-CV-13065 (E.D. Mich. Aug. 22, 2006); *Gross v. Bezy*, No. 06-CV-12820 (E.D. Mich. Aug. 10, 2006); *Gross v. U.S. Gov't*, No. 02-CV-74123 (E.D. Mich. Mar. 25, 2004); *Gross v. Keeler*, No. 02-CV-74850 (E.D. Mich. Jan. 7, 2003). **Indeed, our court has already determined that he is subject to the restrictions of the three-strikes rule. *See Gross v. Equifax Information Servs.*, No 09-2089 (6th Cir. May 13, 2010). Gross has not met those restrictions because**

**has not alleged or shown that he is under imminent danger of serious physical injury based on the actions that were alleged in this case**.

Accordingly, the IFP motion is DENIED.

[R. 23, p. 2 (emphasis added); *see also*, *Gross v. Experian; Transunion*, No. 13-5439 (6th Cir. Jan. 10, 2014)]. The Sixth dismissed Gross's appeal on February 11, 2014, when he failed to pay the assessed $455 appellate fee. [R. 24].

In his current motion [R. 25], Gross again asks the Court to alter or amend the orders which assessed the $350.00 filing fee and dismissed his mandamus petition. Gross now argues that a decision rendered by the Seventh Circuit Court of Appeals in 2004 holds that a petition for a writ of mandamus is not subject to the filing fee requirements set forth in 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act ("PLRA"). Gross therefore contends that this Court improperly applied § 1915(g)'s "three-strikes" provision to him; improperly denied him pauper status; and improperly assessed the full $350.00 filing fee. Gross thus seeks relief from the December 14, 2010, Order [R. 5], and from the January 14, 2011, Order of Dismissal and Judgment [R. 8; R. 9].

## II

Gross seeks relief under Federal Rule of Civil Procedure 59(e), which provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See ACLU of Ky. v. McCreary County, Ky*., 607 F.3d 439, 450 (6th Cir. 2010); *Gen Corp,*

3

*Inc., v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion filed under Rule 59(e) must, however, be filed within 28 days after the entry of judgment. In this case, the Order of Dismissal and Judgment [R. 8; R. 9] were entered on January 14, 2011, well over four (4) years ago. Thus, Gross's Rule 59(e) motion is untimely.

The only other procedural mechanism that Gross could employ to challenge the assessment of the $350.00 filing fee is Federal Rule of Civil Rule 60(b). Subsections (b)(1)-(5) of that rule permit relief from judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a showing that the judgment has been satisfied, released or discharged, or that it is based on an earlier judgment that has been reversed or vacated; or that applying the judgment prospectively is no longer equitable. Gross alleges no facts indicating that any of these circumstances apply.

The catchall provision of Rule 60(b)(6) provides for relief from a final judgment for "any other reason that justifies relief." "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Ford Motor Co. v. Mustangs Unlimited, Inc*., 487 F.3d 465, 468 (6th Cir. 2007) (alteration and quotation marks omitted) (citation omitted).

Relief is limited to "unusual and extreme situations where principles of equity mandate relief." *Id*. (quoting *Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir. 1990)). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)) (alteration omitted).

Gross cites *Montgomery v. Davis*, 362 F.3d 956 (7th Cir. 2004), for the proposition that the PLRA filing fee requirements do not apply to petitions for writ of mandamus, but his argument on this issue lacks merit. In *Montgomery*, the Seventh Circuit made it clear that it will not tolerate prisoners who repeatedly use habeas corpus petitions to frivolously challenge their sentences. *See id*., at 956-57. The Court held that "problem is that these prisoners waste time, copious amounts of it, repeatedly filing petitions that they know, or should know because they have been told, are futile." *Id*. (citing *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997)). Since "the [c]ourt's responsibility is to see that [its] resources are allocated in a way that promotes the interests of justice," the Seventh Circuit determined that it was prudent to sanction frivolous filers. *Montgomery*, 362 F.3d at 957 (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)); *Alexander*, 121 F.3d at 315. *Montgomery* does not assist Gross, because it

is undisputed that Gross has accumulated three strikes under § 1915(g) and thus qualified as a prisoner who had a record of abusing the judicial process.

Even if Montgomery could be read to have the meaning which Gross ascribes to it, the fact remains that the Sixth Circuit Court of Appeals has expressly held, not only in this case filed by Gross, but also in another case which originated in this Court, that mandamus actions are civil proceedings to which the PLRA filing fee requirements apply. In *Futch v. Federal Bureau of Prisons*, No. 5:11-CV-332-KKC (E.D. Ky. 2011), John Randall Futch filed a petition for writ of mandamus, but this Court denied him pauper status in that action, based on the fact that he had accumulated three prior strikes under 28 U.S.C. § 1915(g). [R. 2, therein]. Futch did not pay the assessed filing fee within the prescribed time, so the Court dismissed his mandamus petition without prejudice. [R. 8, therein]. Futch appealed, but the Sixth Circuit Court affirmed the dismissal, finding that the Court had properly applied the "three-strikes" provision of § 1915(g) to Futch. [R. 22, therein; *see also*, *Futch v. Holland*, No. 11-6032 (6th Cir. Mar. 13, 2012)]. The Sixth Circuit explained:

> The district court appropriately construed Futch's petition as one under 28 U.S.C. § 1361. Under that statute, federal courts have the authority to issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. **To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. (citations omitted). Such actions are unquestionably civil in nature.** *See Martin v. Grimshaw*, **198 F.3d 248 (6th Cir. 1999) (unpublished table decision). Accordingly, the district court appropriately held Futch liable for the filing fee**.

[*See id*. p. 2, therein (emphasis added)]; *see also McGore v. Michigan Parole Board*, No. 1:09-CV-922, 2009 WL 3429102, at *1 (W. D. Oct. 23, 2009) (denying pauper status to prisoner who had filed a petition for writ of mandamus because had previously acquired three strikes under § 1915(g)).

Thus, the Sixth Circuit has consistently ruled both in Gross's own appeal in this case and in *Futch* that the PLRA's filing fee requirements do apply to petitions for a writ of mandamus. Weighing all of the relevant factors, the Court concludes that Gross has not alleged facts that would justify granting him relief from any aspect of the Order of Dismissal and Judgment under Rule 60(b)(6). This Court's order denying Gross pauper status on December 14, 2010, was proper, as was its subsequent dismissal of Gross's petition for writ of mandamus on January 11, 2011, after Gross failed to pay the full assessed filing fee. Gross's current motion, which comes perilously close to being a bad-faith filing, will therefore be denied.

Finally, the Court has obtained from its Finance Division a transaction history which sets forth the payments which the Clerk of the Court received toward the assessed filing fee in this case. As of March 2, 2015, Gross has paid $326.49 toward the assessed $350.00 filing fee, and as of that date, an unpaid balance of $23.51 remained. The Clerk of the Court will be directed to send Gross a copy of his payment transaction history current through the date of entry of this Order.

## III

Accordingly, **IT IS ORDERED** that:

1.  The "'Motion to Alter or Amend Judgment' Pursuant to Fed. R. Civ. P. 59(e)" filed by Plaintiff Andrew Gross, III, [R. 25] is **DENIED**.

2.  The Clerk of the Court shall obtain from its Finance Division a summary of a summary of (a) all payments received through the date of entry of this Order, and (b) the date on which the payments were received, and send that payment information to Gross.

This the 10th day of March, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge